**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Antonio MORALES–PINEDA,**
**Defendant–Appellant.**

No. 04–50369.
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided May 26, 2005.

Joseph H. Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Juan Antonio Morales–Pineda (Morales) appeals his guilty-plea conviction of conspiracy to possess with intent to distribute more than 50 kilograms of marijuana. He argues that the merits of his appeal should be addressed despite an appeal waiver in his plea agreement because the waiver was not informed and voluntary. He argues that his appeal waiver, to which he agreed before the Supreme Court issued its decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), was based on the erroneous advice that the guidelines were mandatory and that the district court was required to issue a sentence in conformity with those guidelines. However, this argument is unavailing. *See Brady v. United States*, 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). We conclude that Morales's appeal waiver was informed and voluntary. *See United States v. Robinson*, 187 F.3d 516, 517 (5th Cir.1999); *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir.1992).

Citing the Ninth Circuit's opinion in *Journigan v. Duffy*, 552 F.2d 283, 289 (9th Cir.1977), Morales also argues in a brief footnote that even if this court were to determine that his plea was made knowingly and voluntarily, the waiver was unenforceable because the statute under which he was sentenced, 18 U.S.C. § 3553(b)(1), has been struck down as unconstitutional. However, this argument also is unavailing.

*See Booker*, 125 S.Ct. at 764–65, 769; *United States v. McKinney*, 406 F.3d 744, 745–47 (5th Cir.2005).

Because Morales waived his right to appeal as part of his plea agreement, we dismiss the appeal. *McKinney*, 406 F.3d at 744.

APPEAL DISMISSED.